UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

| | |
|---|---|
| United States of America,<br><br>                            Plaintiff,<br><br>   v.<br><br>Craig Michael Berry.<br><br>                            Defendant. | No. 1:23-cr-2058-SAB<br><br>**Notice of Intent to Plead Guilty to the Indictment**<br><br>**Change of Plea Hearing**<br>**July 1, 2023, 1:00 p.m.**<br>**Yakima, Washington** |

      Mr. Berry hereby submits notice that he intends to enter a plea of guilty to the 15-count Indictment (ECF 1), which charges him with seven counts of Production and Attempted Production of Child Pornography (Counts 1, 3, 5, 7, 9, 12, and 14), and eight counts of Online Enticement and Attempted Online Enticement of a Minor (Counts 2, 4, 6, 8, 10, 11, 13, and 15). Mr. Berry intends to plead guilty at the July 1, 2024, hearing without the benefit of a written plea agreement. Despite extensive negotiations, the parties were unable to come to terms on any plea agreement. Mr. Berry nevertheless wishes to plead guilty and accept responsibility for his actions.[1]

      Mr. Berry files this notice to make clear to the Court that he understands the charge, the maximum penalties, the elements the United States would have to prove at trial, and the rights that he is waiving by pleading guilty. Mr. Berry also proffers a

---

[1] Should the United States review this Notice and identify any concerns, Mr. Berry respectfully requests that some written Response be filed in advance of the hearing if possible. Any concerns about Mr. Berry's intent to plead guilty should be raised prior to his colloquy with the Court.

Notice of Intent to Plead Guilty: 1

factual basis sufficient for the Court to accept his guilty plea. Finally, he sets forth his understanding of the consequences of pleading guilty without an agreement versus with an agreement.

## I. Charges and Penalties

Mr. Berry is charged with 15 total counts—seven counts of Production and Attempted Production of Child Pornography (in violation of 18 U.S.C. §§ 2251(a) and (e)), and eight counts of Online Enticement and Attempted Online Enticement of a Minor (in violation of 18 U.S.C. § 2422(b)). The applicable potential penalties for these offenses are as follows:

<u>Production and Attempted Production of Child Pornography (Counts 1, 3, 5, 7, 9, 12, and 14)</u>
- A term of imprisonment of no less than 15 years up to 30 years;
- A term of supervised release of no less than 5 years up to life;
- A fine of up to $250,000;
- Mandatory restitution;[2]
- A mandatory $100 special assessment per count;
- A mandatory $5,000 special assessment under the Justice for Victims of Trafficking Act, absent a finding of indigence;[3]
- An additional special assessment of up to $50,000;[4] and
- Mandatory registration as a sex offender

---

[2] Mr. Berry's understanding is that the $3,000 minimum per victim under 18 U.S.C. §2259(b)(2)(B) does not apply because his charged offenses are not within the scope of this subsection. *See* 18 U.S.C. §§ 2259(b)(2) and (c)(3).
[3] *See* 18 U.S.C. § 3014(a).
[4] *See* 18 U.S.C. § 2259A(a)(3).

Notice of Intent to Plead Guilty:  2

<u>Online Enticement and Attempted Online Enticement of a Minor (Counts 2, 4, 6, 8, 10, 11, 13, and 15)</u>
- A term of imprisonment of no less than 10 years up to life;
- A term of supervised release of no less than 5 years up to life;
- A fine of up to $250,000;
- Mandatory restitution;[5]
- A mandatory $100 special assessment per count;
- A mandatory $5,000 special assessment under the Justice for Victims of Trafficking Act, absent a finding of indigence;[6] and
- Mandatory registration as a sex offender

In sum, by pleading guilty to all counts of the Indictment, Mr. Berry faces a mandatory minimum penalty of at least 15 years and a statutory maximum of life imprisonment. He also faces significant fines, special assessments, and restitution. These convictions will require him to register as a sex offender when released from prison.

Mr. Berry understands that a period of supervised release must be imposed and that a violation of a condition of supervised release carries the possibility of an additional penalty of re-imprisonment without credit for time previously served on post-release supervision.

**II. Waiver of Rights**

Mr. Berry understands entering a plea of guilty waives several of his constitutional rights, including: (1) the right to a jury trial; (2) the right to confront witnesses who would testify against him at trial; (3) the right to remain silent at trial; (4) the right to

---

[5] Again, Mr. Berry's understanding is that the $3,000 minimum per victim under 18 U.S.C. § 2259(b)(2)(B) does not apply because his charged offenses are not within the scope of this subsection. *See* 18 U.S.C. §§ 2259(b)(2) and (c)(3).

[6] *See* 18 U.S.C. § 3014(a).

Notice of Intent to Plead Guilty:  3

testify at trial; and (5) the right to compel witnesses to testify on his behalf during a trial. Mr. Berry waives these rights by pleading guilty but retains the right to be assisted by counsel (at no cost to him) through his sentencing and any direct appeal of his conviction. Mr. Berry understands that any pretrial motions pending at the time of his change of plea will be denied as moot.

### III. Elements

Mr. Berry understands that, for him to be convicted of the pending charges, the United States must prove beyond a reasonable doubt the following elements:

Production and Attempted Production of Child Pornography (Counts 1, 3, 5, 7, 9, 12, and 14)[7]

1. First, at the time of the offense, the victims named in each count were under the age of eighteen years old;

2. Second, within the Eastern District of Washington, Mr. Berry employed, used, persuaded, induced, enticed, or coerced the victims named in each count to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

3. Third, the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported across state lines or in foreign commerce, including by computer.

Online Enticement and Attempted Online Enticement of a Minor (Counts 2, 4, 6, 8, 10, 11, 13, and 15)[8]

1. First, on the dates alleged in the Indictment and within the Eastern District of Washington, Mr. Berry used a means or facility of interstate commerce to knowingly persuade, induce, entice, or coerce the victims named in each count to engage in sexual activity;

---

[7] *See* Ninth Circuit Pattern Criminal Jury Instruction 20.18.
[8] *See* Ninth Circuit Pattern Criminal Jury Instruction 20.29.

Notice of Intent to Plead Guilty: 4

2. Second, the victims named in each count were under the age of 18 and Mr. Berry knew they were under the age of 18;

3. Third, based upon the sexual activity that occurred or could have occurred, Mr. Berry could have been charged with a criminal offense under the laws of the United States—namely, Production and Attempted Production of Child Pornography; and

4. Fourth, Mr. Berry did something that was a substantial step toward committing the crime.

### IV. Factual Basis

Mr. Berry stipulates that the United States could prove the following facts beyond a reasonable doubt if this case proceeded to trial. Mr. Berry reserves the right to present additional facts to the Court prior to or at the time of sentencing. Mr. Berry understand that the United States will also have the right to present additional facts to the Court prior to or at the time of sentencing.

Between April 3, 2021, and October 20, 2022, Mr. Berry was a resident of Yakima, Washington, within the Eastern District of Washington. All relevant communications set forth herein occurred within the Eastern District of Washington.

On the dates alleged in the Indictment, Minor Victims 1, 2, 3, 4, 5, 7, and 8 were all under the age of 18. Mr. Berry communicated with Minor Victims 1, 2, 3, 4, 5, 7, and 8, and persuaded, induced, and enticed them to produce sexually explicit content of themselves. Minor Victims 1, 2, 3, 4, 5, 7, and 8 all in fact produced visual depictions (photographs and/or videos) of themselves containing sexually explicit content, which they shared with Mr. Berry through communications on cellular telephones.

On the dates alleged in the Indictment, Mr. Berry used a cellular telephone to communicate with Minor Victims 1, 2, 3, 4, 5, 6, 7, and 8, and communicated with them to knowingly persuade, induce, and entice them to engage in sexual activity. Minor Victims 1, 2, 3, 4, 5, 6, 7, and 8 were all under the age of 18, and Mr. Berry knew this. Based upon the sexual activity that actually occurred with Minor Victims 1, 2, 3, 4, 5, 7, and 8, and could have occurred with Minor Victim 6, Mr. Berry could have been charged with Production and Attempted Production of Child Pornography.[9] Mr. Berry took actions that were substantial steps toward committing the crime, and with all victims except Minor Victim 6, actually committed the crime.

In sum, Mr. Berry communicated with all the minor victims (whom he knew were all under the age of 18) for the purpose of having them produce images and videos constituting child pornography. Seven of the eight victims produced such images and videos, then sent them to Mr. Berry via communications on cellular telephones. Mr. Berry took substantial steps toward committing the crime of production of child pornography with respect to the one additional victim. All relevant communications occurred within the Eastern District of Washington.

---

[9] In fact, Mr. Berry has been charged with those offenses with respect to Minor Victims 1, 2, 3, 4, 5, 7, and 8 in this Indictment.

## V. Effects of Pleading without a Written Agreement

Mr. Berry understands the implications and effects of pleading guilty without a written agreement with the United States. Mr. Berry understands that the United States will be free to argue for any lawful sentence, and the Court will be free to impose any lawful sentence. Mr. Berry further understands that the United States will have made him none of the promises typically made in a written plea agreement, such as bringing no additional charges against him. Mr. Berry further understands that he will maintain his right to challenge and appeal all components of his sentence, including the length of imprisonment, the length and conditions of supervised release, and the awarding of any special assessments, fines, or restitution. Mr. Berry further understands that he will maintain his right to file a motion seeking a sentence reduction under 18 U.S.C. §§3582(c)(1)(A) and (c)(2). Mr. Berry has discussed with his counsel extensively whether to plead guilty, and whether to do so with or without a written agreement. Mr. Berry makes this decision knowingly, intelligently, and voluntarily. Counsel has no concerns about Mr. Berry's decision-making regarding this process.

## VI. Request Regarding Timing of Sentencing Hearing

Sentencing is ordinarily scheduled approximately 90 days following a change of plea hearing. That would result in sentencing in this case being scheduled in early October. Subject to any objection from the United States or other interested parties, Mr. Berry requests that the Court set sentencing further out into December. Counsel

Notice of Intent to Plead Guilty:  7

will be out of the office in early October and has a trial set on October 21, 2024, that is likely to proceed as scheduled. To have adequate time to prepare an effective sentencing presentation for Mr. Berry, counsel wants to avoid these conflicts. Additionally, given the number of victims, counsel anticipates this sentencing hearing will be lengthier than average and that the parties' submissions will be longer than average. Therefore, setting sentencing further out is appropriate and reasonable. Mr. Berry requests a sentencing date in December.

Dated:  June 28, 2024.

> By s/ Paul Shelton
> Paul Shelton, 52337
> Federal Defenders of Eastern Washington and Idaho
> 306 East Chestnut Avenue
> Yakima, Washington 98901
> (509) 248-8920
> (509) 248-9118 fax
> Paul_Shelton@fd.org

Notice of Intent to Plead Guilty:  8

**Certificate of Service**

 I hereby certify that on June 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Michael Murphy, Assistant United States Attorney.

             s/ Paul Shelton
             Paul Shelton