Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:23-CR-02058-SAB |
| Plaintiff, | PLAINTIFF'S SENTENCING |
| vs. | MEMORANDUM |
| CRAIG MICHAEL BERRY, | |
| Defendant. | |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, submits the following Sentencing Memorandum.

On July 1, 2024, Defendant pleaded guilty in open court to the fifteen counts charged in an Indictment (ECF 1) filed October 11, 2023. ECF 30. Defendant stands

GOV'T SENT. MEMO.                              1

convicted of Production and Attempted Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e) in Counts 1, 3, 5, 7, 9, 12 and 14 and of Online Enticement and Attempted Online Enticement of a Minor in violation of 18 U.S.C. § 2422(b). *Id.*

I.     BASE OFFENSE LEVEL AND ENHANCEMENTS

The draft PSIR provides for a total offense level of 43, criminal history category of I, with a guideline range of incarceration of life to be followed by 5 years to life of supervised release. Draft PSIR, ECF 34, ¶ 208. Further, the United States agrees that the Defendant qualifies for a third level reduction in offense level based upon his timely notice of an intention to plead guilty and hereby moves the Court for such a reduction. *See* ECF 34, ¶ 134.

II.     DEPARTURES AND OBJECTIONS

The United States does not have any objections to the draft PSIR. The United States does seek a variance in this matter. Defendant's offense level, even with the downward adjustment for responsibility, exceeds the maximum offense level of 43 and is therefore treated as though it were that highest possible offense level. ECF 34, ¶¶ 132-135. The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a

sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Further, upon appellate review, "the scheme of downward and upward 'departures' [is] essentially replaced by the requirement that judges impose a 'reasonable' sentence." *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). Although the Guidelines indicate a sentence of life imprisonment for an offense level 43 and such a sentence is available as to Counts 2, 4, 6, 8, 10, 11, 13 and 15 and an effective life sentence is available should the Court impose consecutive maximum sentences for any two of counts 1, 3, 5, 7, 9, 12 and 14, the United States contends that a reasonable sentence under the facts of this case is one of 360 months, or 30 years, imprisonment followed by a lifetime of supervised release.

"[A] sentencing court may rely on any evidence relating to a defendant's background, character, and conduct when considering the sentencing factors found in 18 U.S.C. § 3553(a)." *United States v. Christensen*, 732 F.3d 1094, 1104 n. 2 (9th Cir. 2013). Sentencing courts are permitted to consider the widest possible breadth of information about a defendant to ensure that the punishment will suit not only the offense, but also the individual defendant. *Pepper v. United States*, 562 U.S. 476, 488 (2011).

III. SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

Defendant engaged in a pattern of enticing young girls, including friends of his daughter, and then providing them with items of value in exchange for nude images and videos of sexual conduct. Defendant bought fourteen to sixteen-year old girls alcohol, vape pens and cartridges for those pens, including marijuana cartridges, and other items in order to obtain child pornography. In addition, he attempted to demand videos and images from some of the girls when they were no longer willing to participate. ECF 34, ¶ 22.  Defendant also attempted in person physical sexual contact with some of the girls and, in fact, engaged in sexual contact with some of them. *Id.*, ¶¶ 20, 21, 32, 35, 36, and 43.

At the time of this conduct, which occurred over a period of about one and a half years, Defendant was in his mid-thirties. ECF 1, ECF 34, p. 2. He is a high school graduate and father of three children with steady employment. ECF 34, ¶ 156-57, 170 and 171. He has no prior criminal history. *Id.* at ¶¶ 139-140, 145.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

A sentence of thirty years imprisonment, followed by a lifetime of supervised release, would appropriately reflect the seriousness of the offense and promote respect of the law in the view of the United States. However, in this case some of the victims and their families are anticipated to assert that the maximum legal sentence is the appropriate and just punishment. *See* ECF 34, ¶¶ 45. There can be no question that

Defendant's actions have not only affected the victims and their families and will have lasting effects. *Id.* ¶¶ 45-48.

    3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence of thirty years imprisonment would deter any further criminal conduct by Defendant, particularly given his acceptance of responsibility and the fact that it would be substantially greater than the mandatory minimum sentence of fifteen years imprisonment.

    4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

A sentence of thirty years imprisonment followed by a lifetime of supervised release would protect the public from further crimes by Defendant for a substantial period of time. "[T]he particularly high danger of recidivism of sex offenders is well-known". *United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007). "When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." *McKune v. Lile*, 536 U.S. 24, 33-34 (2002). The risk of recidivism posed by sex offenders is "frightening and high." *Id.* However, a sentence of thirty years imprisonment will protect the public while also diminishing the potential for recidivism by demonstrating to Defendant the significant consequences for this sort of criminal misconduct.

> 5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

A sentence of thirty years imprisonment must provide Defendant with effective correctional treatment. Further, regardless of the term of imprisonment imposed, this Court should impose a term of supervised release that extends for the life. "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). In other words, supervised release is not a punishment in lieu of incarceration. *See United States v. Granderson*, 511 U.S. 39, 50 (1994). If being on supervised release were the punitive equivalent of being in prison, and if it served the just desserts function, there would be no need to put most criminals in prison. *See United States v. Irey*, 612 F.3d 1160, 1210 (11th Cir. 2010). Given Defendant's pattern of conduct toward multiple minor girls, supervision for life is appropriate regardless of the sentence of incarceration imposed to fulfill the rehabilitative ends of providing sex offender treatment and post-correctional vocational assistance.

IV.     GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of incarceration of three hundred and sixty months (thirty years) followed by a term of supervised release for life and no criminal fine. Defendant must pay a $1,500 Special Penalty Assessment and may be required to pay a $5,000 Special Penalty Assessment per

count pursuant to the JVTA. ECF 34, ¶ 208. The United States does not request the imposition of a fine given the penalty assessments required by law and the length of sentence sought. Restitution is mandatory; however, no requests for restitution have been received at the time of the filing of this document.

DATED this 25th day of November, 2024.

>VANESSA R. WALDREF
>United States Attorney
>
>s/Michael D. Murphy
>MICHAEL D. MURPHY
>Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

>s/ Michael D. Murphy
>Michael D. Murphy
>Assistant United States Attorney
>United States Attorney's Office
>402 E. Yakima Ave., Suite 210
>Yakima, WA 98901
>(509) 454-4425
>Fax: (509) 249-3297