# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>-vs-<br>CRAIG MICHAEL BERRY,<br><br>　　　　　　　　　　　Defendant. | Case No.　　1:23-CR-2058-SAB-1<br><br>**CRIMINAL MINUTES**<br><br>DATE:　　DECEMBER 18, 2024<br><br>LOCATION:　YAKIMA, WA<br><br>**SENTENCING HEARING** |

| Chief Judge Stanley A. Bastian | | |
|---|---|---|
| Michelle Fox<br>**Courtroom Deputy** | 03<br>**Law Clerk** | Marilynn McMartin<br>**Court Reporter** |
| Michael Murphy<br><br>**Government Counsel** | | Paul Shelton<br><br>**Defense Counsel** |
| **United States Probation Officer:**　Shane Moore – By Video | | |

**[ X ]  Open Court**　　　　**[  ]  Chambers**　　　　**[  ]  Telecon/Video**

Defendant present and in custody of US Marshal.

Court outlines the case. Defendant pled guilty. Court summarizes maximum penalties and guidelines.  Court has reviewed all of the materials submitted and presentence report.  Court has reviewed the presentence report.  Pled to 15 counts.  43, I, Life.

No objections to the Presentence Report.

M. Murphy presents argument and outlines recommendations.  M. Murphy reads an Impact Statement.
　　　Court asks how many victim representatives are present.  M. Murphy indicates there are 2 families present.  Recommending 30 years.  30 years on each count to run concurrent.  Life supervised release. SPA: $1,500.  JVTA should be imposed in the amount of $5,000.  AVAA – do not impose.  No restitution requested.

P. Shelton presents argument and outlines recommendations.  15 years to run concurrent.  No specific request to term for supervised release.

Court asks if defendant agrees to all conditions and does he waive the reading of the conditions.
　　　P. Shelton indicates defendant waives reading the conditions.

**[ X ]  ORDER FORTHCOMING**

| **Convened:** 9:30 a.m. | **Adjourned:** 10:16 a.m. | **Time:**　46 min. | **Calendared**　[ X ] |
|---|---|---|---|

*United States –vs-   C. Berry*  December 18, 2024
1:23-CR-2058-SAB-1  Page 2
Sentencing Hearing

P. Shelton continues argument.  JVTA is $5,000 per count.  M. Murphy states the government is asking for $5,000 total, not for each count.  P. Shelton presents argument and states that it has to be per count or not imposed at all.  Asking to find defendant indigent.  Court asks if it is up to $5,000.  M. Murphy states yes, that is correct.  P. Shelton responds.  Court reviews statute. M. Murphy does not believe $65,000 is realistic.  P. Shelton continues argument.   Recommend FCI Englewood, CO.

Court speaks to the defendant.

Defendant speaks to the Court.

Court speaks to the defendant.  Court outlines the 3553 factors.

Imprisonment:   20 years.  Run concurrent on each count.  Credit for time served.

Supervised Release:   10 years.   With all the standard conditions and the following special conditions:

1. You must not communicate, or otherwise interact, with H.C.; K.R.; S.U.; V.R.; B.L.; S.D.; A.Y.; and J.K., either directly or through someone else, without first obtaining the permission of the probation officer. You must not enter the premises or loiter within 1000 feet of the victims' residence or place of employment.
2. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.
3. You must not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer.
4. You must not act as a consultant or advisor to individuals or groups engaged in any computer-related activity.
5. You must not be employed in, directly or indirectly, or perform services for, any entity engaged in a computer, computer software, or telecommunications business. You must not be employed in any capacity wherein you have access to computers or computer-related equipment or software without the approval of your supervising officer.
6. You must not use any software program or device designed to hide, alter or delete records/logs of your computer usage, Internet activities, or the files stored on the assigned computer. This includes the use of encryption, steganography (the art and science of hiding a message in a medium, such as a digital picture or audio file, so as to defy detection), and cache/cookie removal software.
7. You must only use your true name and identifiers (such as date of birth, social security number, driver's license number) for purposes of establishing credit, screen names, utility services, including any services related to computer or electronic equipment or contracts, and registration related to computer-related activities.
8. You must maintain a complete and current inventory of the computer equipment you use and provide it to the supervising officer. You must provide a monthly record of computer usage and bills pertaining to computer access to the supervising officer. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use and for which you have the authority to consent to installation of such software, if such computer has the capacity to access prohibited material. You shall not use a computer without computer monitoring software installed upon it unless approved of in advance by your probation officer.
9. You must not view or possess any visual depiction (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct (as defined in 18 U.S.C. § 2256).

*United States –vs-  C. Berry*  　　　　　　　　　　　　　　　　　　　　December 18, 2024
1:23-CR-2058-SAB-1  　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3
Sentencing Hearing

10. You must provide a complete record of all passwords and user identifications (both past and present) to the supervising officer and must not make any changes without the prior approval of the supervising officer.
11. You must not install new hardware or effect repairs on your computer system without advance permission from the supervising officer.
12. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.
13. You may access on-line "computer," or Internet services, except that you must not access any on-line computer or Internet services, sites, or media that include or feature material that depicts "sexually explicit conduct" involving adults or "minor[s]," "child pornography," or "visual or auditory depictions" of "minor[s]" engaged in "sexually explicit conduct," all as defined in 18 U.S.C. § 2256.
14. You must submit to search, any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

SPA:  $100.00 per count $1,500.
Fine:  Waived.
JVTA: Waived.  Court finds defendant is indigent.
AVAA: Waived

Court will recommend FCI Englewood to participate in the sex offender program.

M. Murphy clarifies that the AVAA does apply however not requesting.  P. Shelton responds.  Court understands and find the assessment is not necessary.

Right to appeal administered.

Final Order of Forfeiture discussed.  P. Shelton does not object.  Court will sign the Order.

P. Shelton indicates that the question by defendant was if he could say goodbye to his parents.  Court states no, that is not allowed.